# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COOKEVILLE DIVISION

| | | |
|---|---|---|
| **CINDY D. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:17-cv-00022** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending the Court affirm the final decision of the Commissioner. (Doc. No. 19.) Plaintiff filed timely objections (Doc. No. 20), to which the Commissioner responded (Doc. No. 21). The Court has conducted a de novo review of the record, and for the following reasons, the Report and Recommendation is **ADOPTED**.

Plaintiff's only objection is that the Administrative Law Judge failed to give the opinion of her treating physician, Michael Cummings, M.D., controlling weight. (Doc. No. 20.) Dr. Cummings submitted a Medical Source Statement on March 27, 2014, which assessed Plaintiff with "extreme exertional and manipulative limitations" and "some vague, unspecified, postural and environmental limitations." (Doc. No. 12 at 385.) Dr. Cummings opined that Plaintiff would also need an "unreasonable number and length of rest periods" in order to complete a normal workday and workweek. (Id. at 386.) The ALJ gave "little weight" to the findings because "most are vague notations of limitation without any specificity or work-related details regarding the extent of the limitation." (Id. at 24.) Regarding the exertional and manipulative activities, the ALJ

found that "the medical evidence of record includes very few findings supporting any symptoms or limitations and no findings supporting extreme, disabling symptoms and limitations." (Id.) The Magistrate Judge found that substantial evidence supported the ALJ's decision. (Doc. No. 19 at 7-8.)

The Magistrate Judge properly held, and it is not contested (Doc. No. 20 at 1), that the ALJ may properly give less-than-controlling weight to a treating physician if the opinion is inconsistent with the other substantial evidence in the case record. (Doc. No. 19 at 7 (citing Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013)). The ALJ and Magistrate Judge, as well as the Court, have reviewed all the "voluminous" medical records in this case and Dr. Cummings "did not order many tests like X-rays or MRIs, and when he did a physical examination of Plaintiff . . . he did not note any significant physical abnormalities, nor did he report symptoms like abnormal reflexes, decreased muscle strength, limitation of range of motion, atrophy, or other matters normally associated with debilitating pain or extreme restrictions on the ability to perform basic activities like sitting, standing, walking, lifting, or carrying." (Doc. No. 19 at 8.) Coupled with the conservative treatment history, the Court finds that substantial evidence supports the ALJ's decision to discount Dr. Cummings' Medical Source Statement is supported by substantial evidence in the record.

For the foregoing reasons, the Report and Recommendation (Doc. No. 19) is **ADOPTED**, and the final decision of the Commissioner is **AFFIRMED**. Plaintiff's Motion for Judgment on the Record (Doc. No. 16) is **DENIED**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE